[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this matter, the Court could reasonably find, and it is substantially admitted, that:
(1) The plaintiff Barbara Mattson (Mattson) agreed to let a pleasure yacht owned by the defendants. The lease agreement was for three years and contained an option to purchase.
(2) Most of the negotiations for the lease were conducted between the other plaintiff, Richard Sandefur (Sandefur) and Melvin Seeger. Sandefur, because of undisclosed tax considerations, did not sign the lease.
(3) The plaintiffs returned the yacht at the end of the lease period, having paid the lease rental of $45,000. The option to purchase was not exercised.
(4) Certain repairs and improvements were made on the yacht by the plaintiffs.
The plaintiffs' complaint is in two counts. The first count alleges a breach of an oral contract to pay for the reasonable value of items left on the boat and the second count sounds in unjust enrichment. In any event, it appears that the claim is $20,004 without interest.
The Court is not convinced that the plaintiffs have carried their burden or proving an oral contract or even an implied contract to pay for any of the improvements. There never appeared to be a meeting of the minds as to what items, if any, would be reimbursed, and what price would be paid.
The Court, however, believes the testimony that the defendants agreed to reimburse the plaintiffs for the work done by Chris and Tina. This amounted to $730.
The Court further finds that the defendants were unjustly enriched to the extent of items amounting to $4,395.85, which appear on Defendant's Exhibit E. CT Page 9326
The Court finds no merit to defendants' claim of breach of contract viz a viz paragraph 7 of the lease. This claim appears to be an after thought and is totally without merit.
Similarly, the plaintiffs claim for the value of charter services. There was no evidence to show that they were denied any of the one-week charter rights provided under the lease.
The Court, having examined all of the circumstances, finds that it would be unconscionable for the proven benefits to be retained. It further appears that some compensation for those items was expected.
The Court enters judgment for plaintiffs in the amount of $5,152.85 and also finds for the plaintiffs on the cross complaint.
Prejudgment interest of $1,230 is added to the judgment amount.
Mihalakos, J.